1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

8
9

GARY KIRKWOOD, on behalf of himself
and others similarly situated,

Plaintiff,

v.

NOBLE FOOD GROUP, INC., NFG
CHICAGO, LLC, NFG PORTLAND,
LLC, NFG SALEM, LLC, NFG SAN
FRANCISCO, LLC and NFG SEATTLE,
LLC,

Defendants.

Case No.

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

10
11
12
13
14
15
16
17
18

Plaintiff Gary Kirkwood, individually and on behalf of all other similarly situated pizza

19 delivery drivers, for his Complaint against Defendants, alleges:

20     1.  Defendants Noble Food Group, Inc., NFG Chicago, LLC, NFG Portland, LLC, NFG

21 Salem, LLC, NFG San Francisco, LLC and NFG Seattle, LLC together operate

22 approximately 58 Domino's Pizza stores in Washington, California, Illinois, and Oregon.

23 Defendants employ delivery drivers who use their own automobiles to deliver pizza and

24
25

COMPLAINT FOR DAMAGES                                                    1

other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = sub-minimum net wages).

2.   Plaintiff brings Count I of this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at all of their Domino's Pizza stores.

3.   Plaintiff brings Count II of this lawsuit as a class action under the Washington Minimum Wage Act, Wash. Rev. Code § 49.46 *et seq.* ("WMWA") and governing regulations, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores located in Washington.

### Jurisdiction and Venue

4.   The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.   The WMWA authorizes court actions by private parties to recover damages for violation of the wage provisions of the WMWA. Jurisdiction over Plaintiff's WMWA claim is based on Wash. Rev. Code § 49.46.090 and 28 U.S.C. § 1367(a).

COMPLAINT FOR DAMAGES                                                          2

6.  Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employ Plaintiff in this District, substantial events and occurrence giving rise to the claims occurred in this District, and all Defendants are subject to personal jurisdiction in this District.

### Parties

7.  Defendant Noble Food Group, Inc. is a Delaware corporation that, along with the other Defendants, operates a chain of Domino's Pizza stores including stores located in this District.

8.  Defendants NFG Chicago, LLC, NFG Portland, LLC, NFG Salem, LLC, NFG San Francisco, LLC and NFG Seattle, LLC are Delaware limited liability companies that, along with each other and Defendant Noble Food Group, Inc., operate a chain of Domino's Pizza stores including stores located in this District.

9.  Defendants comprise a "single employer" or "single integrated enterprise" as they maintain interrelated operations, centralized control of labor relations, common management, common ownership and common financial control.

10. Alternatively and/or cumulatively, Defendants constitute "joint employers" as they share power to hire and fire delivery drivers, supervision and control of their work schedule or conditions of employment, determination of their rate and method of payment and/or reimbursement, and maintenance of their employment records.

11. Alternatively and/or cumulatively, Defendants are "joint employers" because the work performed by the delivery drivers simultaneously benefited all Defendants and (1) Defendants are acting directly or indirectly in the interest of each other in relation to the delivery drivers and / or (2) Defendants are not completely disassociated with respect to the employment of the delivery drivers and they share control of the delivery drivers,

COMPLAINT FOR DAMAGES                                                             3

directly or indirectly, by reason of the fact that they are under common control. 29 U.S.C. § 203(d); 29 C.F.R. §§ 791.2(b)(2) & (3).

12. From about June of 2011 to present, Plaintiff Gary Kirkwood has been employed by Defendants as a delivery driver at their Domino's Pizza store in Lake Stevens, Washington. Plaintiff Kirkwood's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached as Exhibit 1.

General Allegations

*Defendants' Business*

13. Defendants own and operate approximately 58 Domino's Pizza franchise stores in Washington, California, Illinois, and Oregon.

14. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

15. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

16. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

17. Defendants' delivery driver reimbursement policy reimburses drivers based on a per-mile rate, but that per-mile rate falls far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

COMPLAINT FOR DAMAGES                                                                 4

1    18. The result of Defendants' delivery driver reimbursement policy is a
2    reimbursement of much less than a reasonable approximation of their drivers'
3    automobile expenses.

4    19. During the applicable FLSA limitations period, the IRS business mileage
5    reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable
6    companies that study the cost of owning and operating a motor vehicle and/or reasonable
7    reimbursement rates, including the American Automobile Association ("AAA"), have
8    determined that the average cost of owning and operating a sedan ranged between $.531
9    and $.58 per mile during the same period for drivers who drive 15,000 miles per year.
10   These figures represent a reasonable approximation of the average cost of owning and
11   operating a vehicle for use in delivering pizzas.

12   20. The driving conditions associated with the pizza delivery business cause more
13   frequent maintenance costs, higher costs due to repairs associated with driving, and more
14   rapid depreciation from driving as much as, and in the manner of, a delivery driver.
15   Defendants' delivery drivers further experience lower gas mileage and higher repair costs
16   than the average driver used to determine the average cost of owning and operating a
17   vehicle described above due to the nature of the delivery business, including frequent
18   starting and stopping of the engine, frequent braking, short routes as opposed to
19   highway driving, and driving under time pressures.

20   21. Defendants' reimbursement policy does not reimburse their delivery drivers for
21   even their ongoing out-of-pocket expenses, much less other costs they incur to own and
22   operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery
23   drivers at any reasonable approximation of the cost of owning and operating their
24   vehicles for Defendants' benefit.

25

22. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

23. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal and/or state minimum wage.

24. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

25. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic minimum wage violations.

26. Plaintiff Kirkwood was paid the exact Washington minimum wage during his employment with Defendants.

27. The federal minimum wage has been $7.25 per hour since July 24, 2009.

28. Washington's hourly minimum wage was $9.47 in 2015 and 2016, $11.00 in 2017, and $11.50 in 2018.

29. During Plaintiff Kirkwood's employment, Defendants provided him a per-delivery reimbursement of $.90 for the first delivery and an additional $.70 if there was more than one delivery on a single run. Using an industry average of 40% for multi-delivery runs results in a per delivery reimbursement of $1.18 on a weighted average basis ($.90 + ($.70 x .4) = $1.18).

COMPLAINT FOR DAMAGES

6

30. Throughout his employment with Defendants, Plaintiff Kirkwood experienced an average delivery distance of at least 5 miles.

31. Thus, during Plaintiff Kirkwood's employment, Defendants provided him a per-mile reimbursement of approximately $.236 ($1.18 per delivery / 5 miles) or less.

32. To illustrate Defendants' under-reimbursements, during part of this same time period, the lowest IRS standard business mileage reimbursement rate was $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff Kirkwood's automobile expenses, every mile driven on the job decreased his net wages by approximately $.299 ($.535 - $.236) per mile or more. Considering Plaintiff's estimate of at least 5 miles per delivery, Defendants under-reimbursed him at least $1.495 per delivery ($.299 x 5 miles) or more.

33. During his employment by Defendants, Plaintiff Kirkwood typically averaged approximately 3 deliveries per hour.

34. Thus, comparing Defendants' reimbursement rate to the IRS rate, Plaintiff Kirkwood "kicked back" to Defendants approximately $4.485 per hour ($1.495 per delivery x 3 deliveries per hour), for an effective sub-minimum hourly wage rate of approximately $4.985 or less in 2015 and 2016 ($9.47 per hour - $4.485 kickback), approximately $6.515 or less ($11.00 - $4.485 kickback) in 2017 and approximately $7.015 or less ($11.50 - $4.485 kickback) in 2018.

35. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Kirkwood. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar

distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

36. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

37. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants have relied on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

38. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

39. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay minimum wage to their delivery drivers. Defendants thereby enjoys ill-gained profits at the expense of their employees.

### Collective and Class Allegations

40. Plaintiff brings his FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers under 29 U.S.C. § 216(b).

41. The FLSA claim may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

COMPLAINT FOR DAMAGES                                                    8

42. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

43. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

h. They were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

COMPLAINT FOR DAMAGES                                                                 9

44. Plaintiff brings his WMWA claim as a class action under Fed. R. Civ. P. 23 on behalf of all of Defendants' delivery drivers in Washington during the past three years.

45. Plaintiff's WMWA claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Fed. R. Civ. P. 23.

46. The Class sought in Count II satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

47. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

   a. Whether they have worked as delivery drivers for Defendants delivering pizza and other food items;

   b. Whether they have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

   c. Whether Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. Whether they incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of Defendants;

   e. Whether they were subject to similar automobile expenses;

   f. Whether they were subject to similar pay rates;

   g. Whether they were subject to the same policy of failing to reimburse for automobile expenses; and

COMPLAINT FOR DAMAGES                                                        10

h.  Whether Defendants' pay and reimbursement policies resulted in wages below the Washington minimum wage in some or all workweeks.

48. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

49. Plaintiff's claim is typical of those of the Class sought in Count II in that:

a.  They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.  They have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

c.  Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.  They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e.  They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  They were subject to the same pay policies and practices of Defendants;

g.  They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the Washington minimum wage in some or all workweeks; and

COMPLAINT FOR DAMAGES                                                              11

h. They were paid at or near Washington's minimum wage before deducting unreimbursed business expenses.

50. Plaintiff is an adequate representative of the Class sought in Count II because he is a member of that Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour class action litigation.

51. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

52. It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

55. Plaintiff and all Defendants' other delivery drivers are "employees" within the scope and meaning of the FLSA, 29 U.S.C. § 203(e).

56. Defendants are "employers" of Plaintiff and their other delivery drivers within the scope and meaning of the FLSA, 29 U.S.C. § 203(d).

57. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

58. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

59. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

60. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

61. As alleged herein, Defendants have, and continue to, uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

62. Defendants knew, or showed reckless disregard for whether, their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

63. Defendants, pursuant to their policy and practice, violated the FLSA by failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

64. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

65. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

66. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted with good faith and reasonable grounds to believe their actions and omissions were not a violation, then Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

1  WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment

2  against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3)

3  attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and

4  post-judgment interest as provided by law; and (5) such other relief as the Court deems

5  fair and equitable.

6  ### Count II: Violation of the Washington Minimum Wage Act

7  68. Plaintiff reasserts and re-alleges the allegations set forth above.

8  69. At all relevant times herein, Plaintiff and the Class have been entitled to the rights,

9  protections, and benefits provided under the WMWA, Wash. Rev. Code § 49.46, et seq.

10  70. During all times relevant to this action, Defendants were the "employers" of

11  Plaintiff and the Class within the meaning of the WMWA. Wash. Rev. Code §49.46.010(4).

12  71. During all times relevant to this action, Plaintiff and the Class were Defendants'

13  "employees" within the meaning of the WMWA. Was. Rev. Code § 49.46.010(3).

14  72. The unpaid wages at issue in this litigation are "wages" within the meaning of the

15  WMWA.  Wash. Rev. Code § 49.46.010(7).

16  73. The WMWA exempts certain categories of employees from Washington's

17  minimum wage and other obligations, none of which apply to Plaintiff or the Class.

18  74. The WMWA regulates, among other things, the payment of minimum wage by

19  employers who employ any person in Washington, subject to limited exemptions not

20  applicable herein. Wash. Rev. Code § 49.46.020.

21  75. Under the WMWA, employees were entitled to be compensated at an hourly rate

22  of $9.47 in 2015 and 2016, $11.00 in 2017, and $11.50 in 2018. *Id.*

23  76. Defendants, pursuant to their policy and practice, violated the WMWA by refusing

24  and failing to pay Plaintiff and the Class Washington's minimum wage. *Id.*

25

COMPLAINT FOR DAMAGES                                                    15

77. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the WMWA, has been applied, and continues to be applied, to Plaintiff and all other Class members in Defendants' other Domino's Pizza stores in Washington.

78. Plaintiff and the Class are entitled to damages equal to the difference between the minimum wage and actual wages received after deduction for job-related expenses within the three years preceding the filing of the original Complaint, plus periods of equitable tolling.  Wash. Rev. Code § 49.46.090(1).

79. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

80. Defendants are liable for Plaintiff's costs and reasonable attorney's fees incurred in this action.  *Id.*

WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) attorneys' fees and costs of litigation as allowed by Wash. Rev. Code §§ 49.46.090; (3) pre-judgment and post judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:          March 7, 2018                              Respectfully submitted,

COMPLAINT FOR DAMAGES                                                        16

1  PAUL LLP                            Phillips Law Firm
   /s/ Richard M. Paul III            /s/ Jason Murphy
2  Richard M. Paul III                Jason Murphy
   601 Walnut Street, Suite 300       17410 133rd Ave NE, Suite 301
3  Kansas City, Missouri 64106        Woodinville, WA 98072
4  Telephone:   (816) 984-8100        Telephone: (425) 482-1111
   Rick@PaulLLP.com                   JMurphy@justiceforyou.com
5
6                                     WEINHAUS & POTASHNICK
                                      Mark A. Potashnick
7                                     11500 Olive Blvd., Suite 133
                                      St. Louis, Missouri 63141
8                                     Telephone:   (314) 997-9150
                                      markp@wp-attorneys.com
9
10              ATTORNEYS FOR PLAINTIFF
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT FOR DAMAGES                                          17