UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY KIRKWOOD, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NOBLE FOOD GROUP, INC., *et al.*,<br><br>Defendants. | CASE NO. C18-0360-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion for approval of their Fair Labor Standards Act ("FLSA") settlement (Dkt. No. 85). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

Named Plaintiff Gary Kirkwood filed this matter on March 8, 2018, alleging that Defendants violated the FLSA and the Washington Minimum Wage Act ("WMWA") by using a flawed method to determine reimbursement rates such that Plaintiffs' wages fell below the minimum wage. (Dkt. No. 1.) The parties jointly moved for conditional class certification, which the Court granted. (Dkt. Nos. 12, 13.) Plaintiffs filed an amended complaint, which dropped their WMWA claim. (Dkt. No. 14.) Thereafter, the parties participated in successful mediation and

now move for approval of their settlement agreement, including an agreement for attorney fees. (Dkt. No. 85.)

## II. DISCUSSION

The Court should approve an FLSA settlement if the settlement is a "fair and reasonable resolution of a bona fide dispute." *Grewe v. Cobalt Mortg., Inc.*, Case No. C16-0577-JCC, Dkt. No. 48 at 2 (W.D. Wash. 2016). When assessing whether the settlement is a fair and reasonable resolution of a bona fide dispute, "[t]he Court considers factors such as the risk, expense, complexity, and likely duration of litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the reaction of the putative members of the proposed settlement." *Id.*

The Court finds that the proposed settlement represents a resolution of a bona fide dispute, given both parties' representations of the merits of their claims and defenses. (*See* Dkt. No. 85.) Weighing the chance of a much higher recovery for Plaintiffs against the competing chance of no recovery at all, the agreed settlement amount is reasonable. (*See* Dkt. No. 85-1.) The Court also considers the process of allocating funds to class members to be fair and reasonable. (*See id.*) Finally, none of the opt-in Plaintiffs have objections to the proposed settlement. (*See* Dkt. Nos. 85, 85-1.)

The parties' settlement agreement includes an award of attorney fees to Plaintiffs' counsel. (Dkt. No. 85-1 at 5.) Plaintiffs' counsel seeks an award of one-third of the gross settlement fund and $12,000 in expenses. (*Id.*) All of the opt-in Plaintiffs were advised of this fee percentage and no Plaintiff objected to it. (Dkt. No. 85-2 at 11.) To determine whether a fee is reasonable, courts calculate the lodestar figure "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). When comparing the lodestar figure in this case with the attorney fees amount in the settlement agreement, the comparison reflects a multiplier of 1.90. However, such an enhancement "mirrors the established practice in the private legal market

of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). The multiplier of 1.90 is reasonable, particularly considering the much higher multiplier awards approved by the Ninth Circuit. *See, e.g.*, *id.* (approving a multiplier of 3.65); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (approving a multiplier of 6.85).

Upon review of the contents of the parties' joint motion and the settlement agreement, the Court finds that the settlement is a fair and reasonable resolution of a bona fide dispute and the amount of attorney fees contained within it is reasonable.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1. The parties' joint motion for approval of their FLSA settlement (Dkt. No. 85) is GRANTED.
2. The proposed settlement agreement (Dkt. No. 85-1) is APPROVED.
3. The $3,000 service award to the named Plaintiff, Gary Kirkwood, to be deducted from the gross settlement amount, is APPROVED.
4. Plaintiffs' counsel are AWARDED $150,000 in attorney fees and $12,000 in expenses, both to be deducted from the gross settlement amount.
5. The opt-in Plaintiffs have released their claims, pursuant to the settlement agreement.
6. Plaintiffs' claims are DISMISSED with prejudice.

DATED this 22nd day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE